
FILED
JUL 20 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:08CR357

ANTWAIN O. CARTER

**MEMORANDUM OPINION**

Antwain O. Carter, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 85). In his § 2255 Motion, Carter raises the following claim for relief:

> Claim One: In the wake of Johnson v. United States, 135 S. Ct. 2551 (2015), Carter fails to qualify for a career offender sentencing enhancement under the Sentencing Guidelines. (See ECF No. 87, at 13-14.)[1]

The Government has responded and requested the Court hold Claim One in abeyance pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct 886 (2017).[2] As the Supreme Court

---

[1] The Court utilizes the pagination assigned to Carter's submissions by the CM/ECF docketing system. The Court corrects the capitalization and omits the emphasis in the quotations from Carter's submissions.

[2] Contrary to the suggestion of the United States, Carter did not raise a second claim challenging his conviction under 18 U.S.C. 924(c) for possession of a firearm in furtherance of a drug trafficking offense.

has decided <u>Beckles</u> and that decision forecloses Carter's theory for relief, the Court will summarily dismiss Claim One.[3]

## I. PROCEDURAL HISTORY

On August 5, 2008, a grand jury charged Carter with: possession with intent to distribute five grams or more of cocaine base (Count One); possession of a firearm in furtherance of a drug trafficking crime (Count Two); and, possession of a firearm by a convicted felon (Count Three). (ECF No. 1, at 1-2.) Carter pled guilty to Counts One and Two. (ECF No. 20 ¶ 1.) At sentencing, the Court determined that Carter qualified for a sentencing enhancement as a career offender under the Sentencing Guidelines based upon his prior convictions for distribution of cocaine, assault and battery-third offense, and grand larceny from the person. (ECF No. 50, at 7-8.) The Court sentenced Carter to 180 months of imprisonment on Count One, to be followed by a 60-month term of imprisonment on Count Two. (ECF No. 26, at 2.)

---

[3] In <u>Raines v. United States</u>, 423 F.2d 526 (4th Cir. 1970) the United States Court of Appeals for the Fourth Circuit listed three means of properly disposing of § 2255 motions: (1) summary dispositions; (2) dispositions on expanded records; and (3) evidentiary hearings. <u>Id.</u> at 531. Section 2255 permits the Court to summarily dismiss a claim if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

## II.  ANALYSIS

In Claim One, Carter contends that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), renders his career offender enhancement unconstitutional. (See ECF No. 87, at 13-14.)

### A.  Johnson And The Armed Career Criminal Act ("ACCA")

As the Supreme Court has noted,

> [u]nder the [ACCA] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."

Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." Id.  The Johnson Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 2563.

### B.  Sentencing Guidelines Regarding Career Offenders

Carter was not sentenced pursuant to the ACCA.  Instead, Carter was sentenced as a career offender under the United States Sentencing Guidelines.  Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

3

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

<u>United States Sentencing Guidelines Manual</u> § 4B1.1(a) (U.S. Sentencing Comm'n 2008) ("USSG"). At the time of Carter's sentencing, the Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - -
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

<u>Id.</u> § 4B1.2(a).[4]

---

[4] Effective August 1, 2016, the Sentencing Commission amended the definition of "crime of violence" to eliminate the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another," also known as § 4B1.2's residual clause. See <u>Hayes v. United States</u>, Nos. 4:13CR70, 4:16CV54, 2017 WL 976624, at *3 n.2 (E.D. Va. Mar. 13, 2017) (citing USSG Supp. to App. C, amend. 798 (Aug. 1, 2016)). To the extent that Carter seeks relief under Amendment 798, a request for relief pursuant to Amendments to the Sentencing Guidelines is not cognizable under § 2255. See <u>United States v. Jones</u>, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as § 2255 motions); <u>United States v. Mines</u>, No. 3:09CR106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 24, 2015) (citations omitted). In any event, Amendment 798 is not retroactively applicable. <u>United States v. Johnson</u>, 665 F. App'x 788, 793 (11th Cir. 2016); <u>Hayes</u>, 2017 WL 976624, at *3 n.2 (citation omitted).

4

### C. <u>Johnson</u> Does Not Apply To Carter's Guidelines Sentence

Carter contends that under <u>Johnson</u>, his previous conviction for grand larceny from the person no longer qualifies as predicate offenses for purposes of USSG § 4B1.2(a). The Supreme Court, however, determined that its decision in <u>Johnson</u> does not extend to the Sentencing Guidelines. <u>See</u> <u>Beckles v. United States</u>, 137 S. Ct 886, 890 (2017). The <u>Beckles</u> Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

<u>Id.</u> at 892. Accordingly, Carter cannot rely upon the <u>Johnson</u> decision to challenge his prior convictions as predicate offenses for purposes of the career offender enhancement.

Furthermore, the United States Court of Appeals for the Fourth Circuit has noted that "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." <u>United States v. Foote</u>, 784 F.3d 931, 932 (4th Cir. 2015) (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)). A "career offender designation [is] not a fundamental

defect that inherently results in a complete miscarriage of justice." Id. at 940; see United States v. Newbold, 791 F.3d 455, 459 (4th Cir. 2015) (citing Foote, 784 F.3d at 932-33) (noting that "a mistaken career offender designation is not cognizable on collateral review"). Instead, "it is clear that 'miscarriages of justice' in the post-conviction context are grounded in the notion of actual innocence . . . ." Foote, 784 F.3d at 941. To the extent that Carter argues that he is actually innocent of the career offender enhancement, "the Supreme Court [and the Fourth Circuit have] yet to stretch the concept [of sentencing enhancement innocence] to non-capital sentencing . . . ." Id. Accordingly, Claim One lacks merit and will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Carter's § 2255 Motion (ECF No. 85) will be denied. The Clerk will be directed to terminate the Motion to Dismiss (ECF No. 89). The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Carter and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 19, 2018